IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JORDAN ARMSTRONG,

   *Plaintiff*,

   v.

NATIONAL SHIPPING COMPANY
OF SAUDI ARABIA, *et al.*,

   *Defendant*s.

Civil Action No. ELH-13-03702

**MEMORANDUM OPINION**

Plaintiff Jordan Armstrong, a longshoreman, has brought suit against eight defendants pursuant to the admiralty and maritime jurisdiction of the court and common law, alleging negligence, breach of implied warranty, and liability under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq. *See* ECF 20 ("Amended Complaint").[1] The defendants are National Shipping Company of Saudi Arabia ("National Shipping"); JBH Worldwide, LLC ("JBH"); Reem Heavy Equipment, Ltd.; Hertz Equipment Rental Corp.; Wallis Concrete, LLC; Shoppa's Material Handling Management, LLC; IronPlanet, Inc.; and Shippers Stevedoring Company ("SSC"). Plaintiff alleges that, on or about June 10, 2013, while he was working as a longshoreman at the Port of Baltimore, servicing a ship called the *M/V Saudi Tabuk*, *see id.* ¶¶ 6, 8, he suffered severe bodily injury after being struck by a forklift that had a "broken and inoperable" emergency brake and was improperly loaded on the ship in Houston, Texas. *Id.* ¶¶ 14, 19, 27.

---

[1] Plaintiff filed his initial complaint on December 6, 2013. *See* ECF 1. The Amended Complaint, filed on August 26, 2014, *see* ECF 20, is the operative pleading.

SSC filed a Motion to Dismiss for Lack of Personal Jurisdiction. ECF 28 ("SSC's Motion"). On February 20, 2015, having considered SSC's Motion and plaintiff's response (ECF 41), I determined that this Court lacks personal jurisdiction over SSC. *See* ECF 67 (Memorandum); ECF 68 (Order). But, I did not dismiss plaintiff's claims against SSC. Rather, I found that, in accordance with plaintiff's request, it would be appropriate to transfer the case to a court where it could originally have been brought and where the court could obtain personal jurisdiction over SSC. *See* ECF 67 at 25-26; *see also*, *e.g.*, *Carefirst of Md., Inc. v. Carefirst Urgent Care Ctr., LLC*, 305 F.3d 253, 255-56 (4th Cir. 2002) ("Although its language suggests otherwise, section 1406(a) has been interpreted to authorize transfers in cases where venue is proper but personal jurisdiction is lacking or some other impediment exists that would prevent the action from going forward in that district."). Because plaintiff did not identify a proposed transferee court with his request, I held SSC's Motion in abeyance, pending receipt of a motion to transfer from plaintiff. ECF 68. Pursuant to that request, on March 9, 2015, plaintiff filed his Motion to Transfer the action to the United States District Court for the Southern District of Texas. ECF 73 ("Motion").

Only two defendants have submitted responses to the Motion. *See* ECF 84 (filed by National Shipping); ECF 85 (filed by JBH). Neither National Shipping nor JBH opposes the Motion. ECF 84; ECF 85. But, JBH stated that it reserves its right "to assert all its defenses in the Southern District of Texas, including the affirmative defense of lack of personal jurisdiction over this Defendant." ECF 85. The time for remaining defendants to respond has now passed. *See* Local Rule 105.2(a).

When, as here, a district court finds it lacks personal jurisdiction, *see* ECF 68, it has discretion under 28 U.S.C. § 1406(a) to transfer the case to an appropriate jurisdiction. *See*, *e.g.*, *Carefirst of Md., Inc.*, *supra*, 305 F.3d at 255-56; *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988) ("[W]e adopt as the rule in this circuit the reading of § 1406(a) that authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district."). Thus, in deciding whether transfer is appropriate, this Court must examine whether plaintiff could bring his Amended Complaint in the federal court in the Southern District of Texas.

According to the Amended Complaint, this Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1333, under its admiralty and maritime jurisdiction, and pursuant to 28 U.S.C. § 1916, "which expressly states that '[i]n all courts of the United States, seaman [sic] may institute and prosecute suits and appeals in their own names and for their own benefit … .'" ECF 20 ¶ 2 (quoting § 1916). These jurisdictional allegations also apply, of course, to the United States District Court for the Southern District of Texas. Moreover, it appears that "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of Texas, *see* 28 U.S.C. § 1391 (venue), because plaintiff alleges that the forklift that injured him while he was unloading it in Baltimore was negligently loaded in Houston. *See* ECF 20 ¶¶ 10, 27.

According to the Motion, the Southern District of Texas would also be able to obtain personal jurisdiction over each of the defendants. *See* ECF 73 at 4-8. It would have personal jurisdiction over SSC, for example, because SSC has its principal place of business in Houston,

Texas.  ECF 20 ¶ 10; ECF 73 at 4.  As stated, JBH does not oppose the Motion, but it has indicated that it may argue that the Southern District of Texas lacks personal jurisdiction over it. *See* ECF 85.  Based on the allegations in the Amended Complaint, and the arguments in plaintiff's Motion, it is not clear whether the Southern District of Texas *or* the District of Maryland can obtain personal jurisdiction over all defendants in one court.  *See* ECF 20 ¶ 11; ECF 73 at 7.  As to JBH, for example, the Complaint and the Motion both state that JBH "formed" and has its principal place of business in New Jersey, and that "JBH served as the transporting company on the date of the alleged incident and transported the defective forklift from Texas to Maryland." *Id*.  Plaintiff does not point to any other relevant allegations.  ECF 73 at 7.

In any event, because JBH does not oppose the Motion, and in light of the fact that this Court may also lack personal jurisdiction over JBH, the possibility that the Southern District of Texas may lack personal jurisdiction over JBH does not, in my mind, outweigh the certainty that this Court cannot obtain jurisdiction over SSC.  Therefore, the possibility that the Southern District of Texas may lack personal jurisdiction over JBH will not cause me to deny the Motion.

Accordingly, because it is clear that the Amended Complaint could have been brought in the Southern District of Texas, that it cannot go forward as a whole in this Court, and that transfer to the Southern District of Texas would likely enable the case to go forward as a whole, I will grant the Motion (ECF 73).

A separate Order follows, consistent with this Memorandum.

Date: April 1, 2015                         /s/
                                            Ellen Lipton Hollander
                                            United States District Judge